UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ANNETTE S. PLESE,                    )
                                     )   NO.  CV-12-0558-LRS
                 Plaintiff,          )
                                     )
    -vs-                             )   ORDER RE CROSS-SUMMARY
                                     )   JUDGMENT MOTIONS
SPOKANE COUNTY DISTRICT COURT,       )
a local government entity of         )
Spokane County, and SPOKANE          )
COUNTY, a municipal corporation      )
and political subdivision of the     )
State of Washington,                 )
                                     )
                 Defendants.         )
                                     )

     BEFORE THE COURT are the cross-summary judgment motions of the
Plaintiff and Defendant (ECF Nos. 11, 19).   Oral argument was held in
Spokane on March 6, 2013.   This action was originally filed by Plaintiff
Annette Plese in Lincoln County Superior Court advancing state law claims
including alleged statutory wage loss, contractual wage loss, and
violation of the Privileges and Immunities Clause of the Washington State
Constitution against Defendants Spokane County and Spokane County
District Court [collectively Defendants].   Plaintiff subsequently amended
her Complaint to add a § 1983 cause of action for alleged violation of
her equal protection rights under the Fourteenth Amendment of the United
States Constitution. ECF No. 7 at 11-12 (Amended Compl. at ¶ 3.19).
Defendants then removed the case to this Court.

I. BRIEF SUMMARY OF FACTS

     The following facts are undisputed, unless indicated otherwise.
Plaintiff began working for Spokane County as a Bailiff in 1989. ECF No.
13 at 5. While still employed by Spokane County, Plaintiff became a

ORDER - 1

Deputy Prosecutor for Spokane County in 1991. *Id.* On or about March 15, 1998, Plaintiff became a District Court Commissioner for Spokane County District Court. *Id.* Plaintiff held her position as a Commissioner for Spokane County District Court until August of 2002 when she was first appointed and then elected as a Judge to sit on the Spokane County District Court bench. *Id.* at 6. During the time Plaintiff served as a Spokane County District Court Judge through January 9, 2009, nothing existed in writing explaining which parts of the Spokane County Personnel Policy Manual[1] would apply to her as a Spokane County District Court Judge.

On January 1, 2009, as a Spokane County District Court Judge, Plaintiff, along with other judges similarly situated, were given, accrued and otherwise front loaded 30 days of paid leave for 2009. *Id.* On January 9, 2009, when Plaintiff vacated her position as a Judge with Spokane County District Court for an elected position on the Superior Court bench, she had unused, accrued leave from that which had been allotted to her at the beginning of 2009 worth $15,805.72.

When Plaintiff resigned her position as a Spokane County District Court Judge, she was no longer an employee of Spokane County or the Spokane County District Court. *Id.* at 6-7. According to Cathy Malzahn[2],

---

[1]When Annette S. Plese began her employment with Defendant Spokane County she was provided a copy of the Spokane County Personnel Policy Manual (hereinafter "Policy Manual"). *Id.* at 8. The Policy Manual is a compilation of written policies prepared by the Human Resources Department and adopted by the Board of County Commissioners by resolution. *Id.* During her employment Plaintiff would receive changes to the Policy Manual by writing or email, even after she became a Spokane County District Court Judge. *Id.*

[2]Cathy Malzahn is Spokane County Human Resources Manager. ECF No. 13 at 1-2.

ORDER - 2

as a Spokane County Superior Court Judge, Plaintiff became an employee of the State of Washington. *Id.* at 8.

After resigning from the Spokane County District Court, Plaintiff submitted a written request to receive a payout of her 29 days of unused, accrued vacation, but Defendants refused to pay. *Id.* at 7. Plaintiff then filed a Claim for Damages with Spokane County's Risk Management. *Id.* Although other District Court judges, incident to leaving judicial employment, received payouts of unused accrued leave upon vacating the District Court bench to take a job elsewhere, Plaintiff did not receive a payout because she was elected to the Superior Court bench.

Paragraph III., A., 6., of Section 311 of Policy Manual, which is the section that covers VACATIONS, states the following regarding payouts of unused, accumulated vacation:

> "Any employee who is laid off, discharged, retired or separated from the service of the employer for any reason, shall be compensated in cash for the unused vacation accumulated at the time of separation." Spokane County Personnel Policy Manual, § 311. ECF No. 7, at 154.

Plaintiff is of the view that $15,805.72 should have been paid out to her in the form of a cash payment. Defendants "practice" was largely unknown and unpublicized to judicial employees. Although confusion[3] and lack of knowledge existed[4] when Plaintiff set about trying to receive her payout, Spokane County asserts that since 1983, payouts of unused, accrued or accumulated leave (whether called vacation or "pro tem" time) to District Court Judges, was made only when the District Court bench was vacated for

---

[3] ECF No. 13 at 20.

[4] ECF No. 13 at 20-21.

ORDER - 3

reasons **other than** to accept a position on the Spokane County Superior Court bench.  ECF No. 13 at 17.

Notably, the practice of Spokane County has never been reduced to writing or expressly adopted in written policies by the Spokane Board of County Commissioners.  However, according to the County, the practice has been followed by the Board since 1983.  *Id.*  Out of the 14 District Court Judges vacating the bench since 1983, 5 District Court Judges, including Plaintiff who vacated the bench to go to State Superior Court, were not paid for their unused, accrued leave from their time as a District Court Judge.  ECF No. 13.

Under the current vacation and leave policy of the Spokane County Superior Court, Plaintiff will not receive a payout of her unused, accumulated paid leave or vacation at anytime in the future regardless of the reason for which she vacates the Spokane County Superior Court bench.

**II. Plaintiff's Motion for Summary Judgment (ECF No. 11)**

Plaintiff moves for summary judgment on the wage claim and equal protection claim against Defendants Spokane County and the Spokane County District Court.  Specifically, Plaintiff requests a judgment of $15,805.72 (for 29 days of unused, accrued vacation she earned between January 1, 2009 and January 9, 2009) plus an award of attorney fees and costs.  Plaintiff also requests this Court to find that the amount in controversy constitutes compensation by reason of employment and that Defendants' refusal to pay Plaintiff is not bona fide, thus entitling Plaintiff to double her underlying damage claim to $31,611.44.

Plaintiff asserts the paid leave in controversy is compensation by

reason of employment.  Plaintiff explains that under RCW 3.34.130,[5]
Defendants created a vacation/leave policy for District Court Judges
where on the first of every year, each Spokane County District Court
Judge accrues 30 days of paid vacation annually.  That leave time can
then be used to cover that judge's docket by a pro tem judge without a
reduction in the District Judge's annual salary.  Plaintiff argues that
she had 29 days to take off from work without limitation, for which she
would receive compensation, and could bring in a Judge pro tempore to
cover her dockets.  Plaintiff contends this is synonymous with vacation.

Citing *McGinnity v. AutoNation, Inc.*, 149 Wash.App. 277, 285 (2009),
which case Plaintiff argues is analogous, Washington State's Division III
has already determined that unpaid vacation benefits are considered
compensation due by reason of employment.  Plaintiff concludes that this
unused, accrued leave constitutes wages under Washington law, thus
entitling her to attorney fees and costs.

A related issue is whether the Defendants' practice/policy of paying
out unused, accrued leave to District Court judges who vacate the Spokane
County District Court for reasons other than taking a position on the
Spokane County Superior Court, is constitutional.  Plaintiff argues that
under the equal protection clause of the Fourteenth Amendment of the

---

[5]RCW 3.34.130. District judges pro tempore--Reduction in salary of
replaced judges--Exception--Reimbursement of counties. RCW 3.34.130(2)
reads in pertinent part: For each day that a judge pro tempore serves in
excess of thirty days during any calendar year, the annual salary of the
district judge in whose place the judge pro tempore serves shall be
reduced by an amount equal to one-two hundred fiftieth of such salary:
PROVIDED, That each full time district judge shall have up to fifteen
days annual leave without reduction for service on judicial commissions
established by the legislature or the chief justice of the supreme court.
No reduction in salary shall occur when a judge pro tempore serves. . .

ORDER - 5

United States Constitution, the practice cannot pass muster[6].

Plaintiff asserts that to allow the Defendants to reward vacation pay to some (but not all) judges for their unused vacation leave conflicts with the overall statutory scheme creating clear guidelines for District Court judges.  Additionally, Plaintiff points to the public's interest in independent, politically unbiased judges, insulated from varying treatment depending on their job choices upon separating from service as a District Court judge.

Plaintiff argues that although the Defendants claim they operated under a "well-established pattern and practice" authorized under RCW 3.34.10, in reality, Defendants' "practice" was unknown and unpublicized to employees. This lack of understanding is clearly evidenced by the confusion expressed regarding how to handle Plaintiff when she vacated the District Court bench, as well as confusion and the general lack of ongoing knowledge of the  practice by the County and Spokane County Human Resources.  ECF No. 14.

RCW 3.34.100 provides, in part, as follows:

.... "A district judge may receive when vacating office remuneration for unused accumulated leave and sick leave at a rate equal to one day's monetary compensation for each full day of accrued leave and one day's monetary compensation for each four full days of accrued sick leave, the total remuneration for leave and sick leave not to exceed the equivalent of thirty

---

[6] Although this case was removed from state court based on the federal claim, for reasons that will appear hereafter, the court need not reach this issue for the purpose of deciding this case.  A federal court has jurisdiction over the entire action, including state-law claims, whenever federal-law claims and state-law claims in the case derive from common nucleus of operative fact, and are such that plaintiff would ordinarily be expected to try all of them in one judicial proceeding. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614 U.S. (1988).

ORDER - 6

1  days' monetary compensation.

2  Counsel for the defense argues that use of the word "may" suggests
3  that Spokane County can pick and choose when to follow the practice and
4  decide which standards to use as long as the County's actions meet a
5  rational basis test.  However, the statute is silent and no question
6  exists but that the County has authorized remuneration to District Court
7  judges for the purposes noted in the above quoted section of RCW
8  3.34.100.  The County essentially argues that what it gives in
9  remuneration for unused  accumulated leave it can "claw back" if the
10 District Court judge becomes a Superior Court judge thereby saving
11 taxpayer funds.  However, this argument overlooks the obvious, namely
12 that a benefit accorded preservation to the recipient under state law can
13 be cancelled even though the enabling statute is silent on the topic.

14 The final issue is whether Defendants' refusal to pay Plaintiff her
15 unused, accrued sick leave is based on a bona fide dispute?  Plaintiff
16 argues that Defendants' refusal to pay Plaintiff is the result of knowing
17 and intentional action and not a bona fide dispute, which triggers an
18 award of double damages for "willful withholding" for purposes of an
19 exemplary damages award under the wage rebate statute.  RCW 49.52.070.

20 In this case, the actions of the County suggests a bona fide dispute
21 as to the obligation of payment.  With this in mind, the Court concludes
22 that an award of exemplary damages based upon "willful withholding"
23 cannot be supported by the facts.  This is especially true in light of
24 the confusion which existed when the Plaintiff's original claim for
25 remuneration was asserted and is borne out by the arguments which have
26 been made in this case on behalf of the Defendant Spokane County Board

ORDER - 7

of Commissioners.

**III. Defendants' Summary Judgment Motion (ECF No. 19)**

As an initial matter, Defendants urge the Court to dismiss the District Court as a party to this lawsuit because the District Court is operated by Spokane County. Defendants argue that, although general separation of powers principles dictate that the District Court judges function with a certain level of autonomy and discretion in their judicial duties, for purposes of a lawsuit, the District Court is not a properly named party and should be dismissed. Any actions by the District Court are properly attributed to the County as a whole for purposes of this lawsuit. At oral argument, Plaintiff opposed dismissal of the District Court arguing that it is not burdensome to keep this Defendant in as it is represented by same defense counsel.

Defendants argue they did not violate either of the wage statutes relied upon by Plaintiff because there is no authority, statutory or otherwise, mandating that Plaintiff receive remuneration for her unused pro-tem time. Defendants assert that RCW 3.34.100 (the Washington Statute that addresses pro-tem time for District Court judges) affords discretion to counties as to whether they pay district court judges their unused pro-tem time.

Defendants concede that during the time Plaintiff served as a District Court judge, the District Court did not have a specific "vacation time" or "leave" time policy. However, pursuant to the County's well-established pattern and practice, leave time as contemplated by RCW 3.34.100 equates to what the District Court referred to as pro-tem time. Defendant County argues it denied Plaintiff's

ORDER - 8

request for remuneration of her unused pro-tem time consistent with past practices.    The Defendant County's denial was consistent with RCW 3.34.100 and the District Court's pro-tem practice, and identical to Defendants' treatment of other judges who previously moved from the District Court to the Superior Court.

As for Plaintiff's §1983 claim, Defendants assert the County's distinction between judges leaving the District Court for the Superior Court bench versus those who leave for other reasons easily satisfies rational basis review.  Defendants contend that the Defendant County has a clearly established practice of not compensating any judge making the move from the District Court to the Superior Court for their unused "pro-tem" time.  Defendants argue there are legitimate reasons for this practice of not giving those District Court Judges moving to Superior Court unused leave pay.  These reasons are: 1) pursuant to the Washington State Constitution, the County is required to pay half of Superior Court judges' salaries; 2) Spokane County Superior Court judges utilize County building facilities; and 3) the salaries and benefits of the support staff for Spokane County Superior Court judges are paid for by the County.

### IV.    ANALYSIS

### A.    Paid Leave at Issue is Compensation by Reason of Employment

Plaintiff alleges the unused, accrued leave at the heart of this dispute constitutes wages under Washington law, thus entitling Plaintiff to attorney fees and costs.  The Court agrees that the leave or vacation time or 30 days of pro tem time or time off with pay or whatever other name it may be called constitutes compensation by reason of employment.

ORDER - 9

This is especially true for the nine District Court Judges who vacated the bench since 1983 and were paid out their unused, accrued leave.

RCW 49.48.010 provides in pertinent part: "When any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." Defendants have not presented any facts to refute that such a benefit is a wage related benefit on account of employment.

Defendants argue that RCW 3.34.100 gives them discretion to pick and choose who they pay. The Court disagrees with that interpretation as discussed below. RCW 3.34.100 allows Defendants to create a policy where Judges, vacating the district court bench, are paid their unused/accumulated leave or in the alternative all judges leaving the district court bench are not paid. The statute does not suggest that a "pick and choose" arrangement is valid or that the County can simply impose its own criteria for payment without statutory authority.

Moreover, Defendants' actions in paying some Judges, but not others, their unused, accrued/accumulated leave supports Plaintiff's wage claim. If Defendants never paid any district court judges their unused, accrued/accumulated leave upon vacating the bench, Plaintiff's wage claim would be entirely moot, as would the Plaintiff's §1983/Equal Protection claim.

The Court concludes that Defendants created a vacation/leave policy and practice for District Court Judges where on the first of every year each Spokane County District Court Judge accrues 30 days of paid vacation annually. A judge pro tempore may be used to cover the district judge's

docket without a reduction in the District Judge's annual salary.

**B.   Statutory Interpretation**

It is not Plaintiff's position that Defendants cannot adopt a clear, cogent and constitutional policy regarding the payout of unused, accrued leave as contemplated by RCW 3.34.100 and RCW 3.34.130. Rather, Plaintiff asserts that Defendants are misinterpreting RCW 3.34.100 as providing them discretion to establish an arbitrary, unwritten and largely unknown policy that pays out accrued, unused paid leave to all Judges vacating the District Court Bench except for those Judges being elected to State Superior Court without any rational reason. The Court agrees with Plaintiff.

The Court notes that the use of the word "may" in a statute, such as RCW 3.34.100, is generally permissive,[7] meaning that the action spoken of is optional or discretionary, unless it appears to require another meaning as used in the applicable statute. *Kennedy v. South Carolina Retirement System*, 345 S.C. 339, 549 S.E.2d 243 (2001). Even the permissive word "may" is interpreted as mandatory when the duty is imposed upon a public official and his act is for the benefit of a private individual. *Harvey v. Board of Chosen Freeholders of Essex County*, 30 N.J. 381, 153 A.2d 10 (1959). "May" normally implies "permissive" rather than mandatory action or conduct, but should be construed as mandatory or the equivalent of "shall" where logic and context so require. *Schultz v. Board of Adjustment of Pottawattamie County*, 258 Iowa 804, 139 N.W.2d 448 (1966). Because it appears all

---

[7]*Tarrant Bell Property, LLC v. Superior Court*, 51 Cal. 4th 538, 121 Cal. Rptr. 3d 312, 247 P.3d 542 (2011)

district court judges are treated the same for sick leave, so too should all the district court judges be treated the same for vacation leave. Reading "may" as vesting absolute discretion in the County Commissioners to determine whether to provide vacation leave to some and not other district court judges would be improper because it would generate an internal inconsistency as discussed above.  The Court's reading of the statute gives meaning and effect to all terms and preserves internal consistency.

As for Plaintiff's equal protection rights, unless a suspect classification or a fundamental right is involved, the only inquiry of this court is whether, again, the classification or deprivation is "rationally related to the State's objective." *Harrah Independent School District v. Martin*, 440 U.S. 194, 99 S.Ct. 1062, 1065, 59 L.Ed.2d 248 (1979).  In this case, Plaintiff claims Defendants violated her rights by treating her differently from other similarly-situated persons, without a rational basis. In other words, Plaintiff's complaint appears to be one based on unequal results, rather than legislation which treats similar persons differently.

Defendants "rational" basis arguments are not completely persuasive as the evidence shows that Superior Court is not a department of Spokane County and Superior Court judges are not considered Spokane County employees. ECF No. 15-2.  As a Spokane County Superior Court Judge, Plaintiff is an employee of the State of Washington. ECF No. 15-1. Further, the undisputed evidence indicates that under the current vacation or leave policy of the Spokane County Superior Court, Plaintiff will not receive a payout of her unused, accumulated District Court paid

leave or vacation regardless of the reason for which she vacates the Spokane County Superior Court bench.

The statute also refers to treatment of district judges as county employees for sick leave purposes, therefore, the Court looks for guidance in the Employee Manual.  Plaintiff was provided a copy of the Policy Manual when she began her employment with Defendant Spokane County. During her employment, Plaintiff received changes to the Policy Manual by writing or email, even after she became a Spokane County District Court Judge.

Washington Courts have consistently held that employees cannot be bound by unilateral changes in employee handbooks/manuals without receiving actual notice of such changes. See *Swanson v. Liquid Air Corp.*, 118 Wash.2nd 512, 520, 826 P.2nd 664 (1992). Accordingly, Plaintiff cannot be bound by an unpublished, unwritten, and largely unknown and inconsistent policy of only paying those judges, who vacate the Spokane county district court for reasons other than taking a position on the Spokane County Superior Court, their accrued, unused sick leave.  As noted previously, having found that the $15,805.72 constitutes wages as contemplated by RCW 49.52.050 and RCW 49.52.070, the Court does not need to decide whether Defendants' actions rise to the level of a constitutional violation.

Plaintiff also argues that the dispute by Defendants over compensating Plaintiff is not bona fide, entitling her to double damages under RCW 49.52.070.  Given the factual history in this case and the past actions of the County which apparently went unchallenged, this court cannot conclude that the issues raised by the County were without

1  substance and beyond debate.  Accordingly, Plaintiff is not entitled to
2  exemplary damages.

3      In light of the foregoing, Defendants' Motion for Summary Judgment
4  must be denied, including the request to dismiss Spokane Defendant
5  District Court, and  Plaintiff's Cross Motion for Summary Judgment is
6  granted in part[8].  Plaintiff's request for a judgment of $15,805.72 (for
7  29 days of unused, accrued vacation she earned between January 1, 2009
8  and January 9, 2009) which constitutes wages as contemplated by RCW
9  49.52.050 and RCW 49.52.070 is granted.  Plaintiff is awarded attorney
10 fees pursuant to RCW 49.48.030.  Attorney fees are recoverable under RCW
11 49.48.030 even if there exists a bona fide dispute between employer and
12 employee. *Flower v. T.R.A. Industries, Inc.*, 127 Wash.App. 13, 111 P.3d
13 1192, (2005).  Exemplary damages (double wages) are only payable under
14 the wage rebate statute if there is not a bona fide dispute when an
15 employer refuses to pay wages.  *Yakima County v. Yakima County Law*
16 *Enforcement Officers Guild*, 157 Wash.App. 304, 237 P.3d 316 (2010).  As
17 discussed above, the Court found a bona fide dispute existed.

18     **V.   CONCLUSION**

19     The Defendants refused to pay Plaintiff for her accrued, unused
20 leave based upon Spokane County's unwritten policy of not paying unused
21 leave wages to District Court judges who leave the bench to go the
22 Superior Court bench.  The statute RCW 3.34.100, relied upon by
23 Defendants, allows Defendants to adopt a clear, cogent and constitutional
24 policy regarding the payout of unused, accrued leave that treats all

25 _____

26     [8] Defendant has shown no harm by leaving Spokane Defendant District
Court as a named party.

ORDER - 14

district court judges equally when vacating office.  The statute does not support a practice of paying some District Court judges while denying payment to others based on their reasons for vacating the office.

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED in part and DENIED in part**.  There is no rational basis to treat Plaintiff differently than other District Court Judges leaving the bench for employment elsewhere. At the time Plaintiff left her employment with Defendants she was entitled to a payout for her unused, accrued leave in the amount of $15,805.72, and Plaintiff is hereby granted summary judgment against Defendants in the amount of **$15,805.72** for this unused, accrued leave.  Plaintiff is entitled to attorney fees and costs under RCW 49.48.030, in an amount to be determined.

2.  Plaintiff shall file, within ten (10) days of this Order, a Declaration indicating attorney's fees incurred.  Any objections thereto shall be filed by Defendants within ten (10) days thereafter.

3.  Defendants' Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

The District Court Executive is directed to file this Order and enter judgment consistent with this order.

**DATED** this 14th day of May, 2013.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 15